UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID ALAN CARTER,

                Plaintiff,

v.                                                                              Case No. 24-cv-1023-scd

CASEY JOHNSTON and
DEREK TEACHOUT,

                Defendants.

**DECISION AND ORDER**

Plaintiff David Alan Carter, who was incarcerated at the Wisconsin Resource Center when he brought this action but has since been released, is representing himself in this 42 U.S.C. §1983 action. Carter is proceeding on an excessive force claim based on allegations that Defendants, who were tasked with transporting Carter from the Resource Center to the hospital, stopped at a Kwik Trip, pulled Carter out of the transport vehicle, put him in a chokehold, and stomped on his penis. Dkt. No. 10. Defendants moved for summary judgment on June 16, 2025. Dkt. No. 22. In a notice and order, the Court reminded Carter that under Civil L. R. 56(b)(2) his response materials were due by July 16, 2025. Dkt. No. 29. The Court warned Carter that if he failed to respond to the motion by the deadline, the Court would accept all facts asserted by Defendants as undisputed, which would likely result in summary judgment being granted in their favor and the case being dismissed. The deadline has passed, and Carter did not respond to the motion.

The Court has reviewed Defendants' motion, brief in support, supporting exhibits, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted

by Defendants and deemed true as a result of Carter's failure to respond, the Court finds that no jury could reasonably conclude that they used *any* force, let alone excessive force, against Carter. Defendants explain that on November 28, 2023, they transported Carter to the hospital because he had inserted multiple objects into his penis and scrotum. Defendants assert that they stopped at Kwik Trip on the way to the hospital, but they explain that Carter remained in the transport vehicle during the stop. Defendants deny that they used force at any point during the transport; they specifically deny that they put Carter in a chokehold and stomped on his penis. Medical records confirm that a CT scan performed shortly after they arrived at the hospital revealed no signs of swelling or soft tissue trauma around his groin. Further, Carter did not report to hospital staff that Defendants had used force against him. Based on these undisputed facts, no jury could reasonably conclude that Defendants used force against Carter. Defendants are therefore entitled to summary judgment.

**IT IS THEREFORE ORDERED** that the Defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of July, 2025.

_____
Stephen C. Dries
United States Magistrate Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.